| UNITED STATES DISTRICT COURT | JS-6 |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 12-7235-JFW (PLAx)** | Date: October 2, 2012 |
|---|---|---|

Title:   Delfino Barragan *-v-* Laboratory Corporation of America Holdings, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

On June 25, 2012, Plaintiff Delfino Barragan ("Plaintiff") filed a Complaint against Defendant Laboratory Corporation of America Holdings, erroneously sued as Laboratory Corporation of America ("Defendant") in Los Angeles County Superior Court. On August 22, 2012, Defendant filed a Notice of Removal Pursuant to 28 U.S.C. § 1441(a) – Diversity Jurisdiction ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

In this case, Defendant fails to allege Plaintiff's citizenship. Instead, Defendant relies on the allegation contained in Plaintiff's Complaint that Plaintiff "is and has been a resident of Los Angeles, California." However, the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In addition, when, as in this case, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also* 28 U.S.C. § 1446(c)(2). "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

In its Notice of Removal, Defendant contends that the amount in controversy exceeds $75,000, citing the allegations of Plaintiff's Complaint in which he seeks damages for "physical injuries, physical sickness, as well as emotional distress, plus medical expenses." However, according to Defendant's own calculations, Plaintiff's lost wages, benefit and overtime claims amount to only $26,029.12, well below the jurisdictional minimum. For the remainder of the amount in controversy, Defendant merely speculates that the amounts Plaintiff would recover for his emotional distress, physical injuries, physical sickness, medical expenses, and attorney's fees would increase the amount in controversy to greater than $75,000. *See Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1998) (holding that defendants could not meet the burden of demonstrating the amount in controversy "simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money."); *see also Gordon v. Allstate Insurance Co.*, 2010 WL 1949164 (D. Ariz. May 13, 2010) (holding that "while verdicts in similar cases can be probative, they are not determinative; Defendants must point to facts that would support a $75,000 or higher punitive damage award in this case.").

Therefore, Defendant's conclusory allegations in this case do not prove by a preponderance of the evidence that the jurisdictional amount is satisfied. *See, e.g., Alvarez v. Limited Express, LLC,* 2007 WL 2317125, at *4 (S.D. Cal. Aug. 8, 2007) (remanding where defendant "chose not to provide the underlying facts and instead relied on a speculative, conjectural estimate from plaintiff's motion papers"); *see also Lowdermilk v. United States Bank National Association*, 479 F.3d 994, 1002 (9th Cir. 2007) (holding that a court cannot base its jurisdiction on speculation and conjecture). Accordingly, Defendant has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000.

Accordingly, Defendant failed to meet its burden of demonstrating that removal is proper and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.